# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JESUS G. GONZALEZ, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No.: 2:07-CV-452-VEH |
| | ) |
| **ROSEMARY L. MELVILLE,** | ) |
| **District Director, Atlanta District,** | ) |
| **U.S. Citizenship and Immigration** | ) |
| **Services, in her official capacity, et** | ) |
| **al.,** | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

Before the court is the motion of the Defendants, Rosemary L. Melville, District Director, Atlanta District, United States Citizenship and Immigration Services (hereinafter "USCIS"), in her official capacity, and Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services, in his official capacity (hereinafter "Defendants"), to dismiss the claims of the Plaintiffs, Jesus F. Gonzalez, Irene M. Gonzalez, Maria Gonzalez, and Oscar G. Gonzalez (hereinafter "Plaintiffs"), in accordance with FED. R. CIV. P. 12(b)(1) and 12(b)(6).[1]  (doc. 10).  For the reasons

---

[1] This action is brought by Plaintiff Jesus G. Gonzalez, a lawful permanent resident of the United States residing in Lawrence County, Alabama, on behalf of the plaintiffs named

set forth herein, the motion is due to be **GRANTED**.

**I.      FACTUAL AND PROCEDURAL HISTORY**

On October 18, 2004, Plaintiffs each filed an I-485 Application to Register Permanent Residence or Adjust Status with the USCIS Atlanta District Office. (doc. 15, exh. 1 (application receipts)).  In June 2007, Defendants began processing I-485 applications received in December 2006.  (doc. 15, exh. 3 (USCIS printout)).

Plaintiffs filed their complaint in this court on March 9, 2007, to compel Defendants to process their applications. (doc. 1).  Plaintiffs allege that Defendants have unreasonably delayed in adjudicating their applications.

Defendants filed their motion to dismiss Plaintiffs' complaint on May 18, 2007, arguing that the court lacks subject matter jurisdiction and that Plaintiffs have failed to state a claim upon which relief can be granted.  (doc. 10).

**II.     STANDARD OF REVIEW**

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action where the court finds that it does not have subject matter jurisdiction. Rule 12(b)(6) provides for dismissal for failure of a party to state a claim for which relief can be granted.  Where "a Rule 12(b)(1) motion is filed in

---

*supra*, including his wife, daughter, and two sons, who await adjudication of their I-485 applications.  (Compl. ¶ 3).

conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).[2]

A motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161. Lack of subject matter jurisdiction may be found through an examination of: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Id.* Because the burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction, plaintiff "constantly bears the burden of proof that jurisdiction does in fact exist." *See Ramming*, 281 F.3d at 161, citing *McDaniel v. United States*, 899 F.Supp. 305, 307 (E.D.Tex. 1995), and *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.

---

[2] Because the court finds that dismissal for lack of subject matter jurisdiction is appropriate, it will not address the standard of review applicable to Defendants' Rule 12(b)(6) motion to dismiss.

*See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

1980).

### III.   ANALYSIS

Plaintiffs ask this court to compel Defendants to adjudicate their I-485 applications more quickly.  They assert this court's jurisdiction to grant such relief pursuant to 28 U.S.C. §§ 1331 and 1361[3], 8 U.S.C. § 1329, and 5 U.S.C. § 704.  Defendants respond that none of these provisions supplies this court with jurisdiction to grant Plaintiffs the relief they seek.

Plaintiffs concede that Defendants do not owe them a duty to adjudicate their applications within a certain time frame.  They argue merely that the court has jurisdiction to compel Defendants to adjudicate their applications within a "reasonable" period of time, and appear to assert that Defendants' nearly three-year delay in processing the applications is presumptively unreasonable.

To support this argument, Plaintiffs point to the Administrative Procedure Act, 5 U.S.C. § 555(b) (hereinafter "APA"), and several district court cases, including *Yu v. Brown*, 36 F.Supp.2d 922 (D.N.M. 1999); *Agbemaple v. INS*, 1998 WL 292441 (N.D.Ill. 1998); and *Elkhatib v. Butler*, 2005 WL 5226742 (S.D.Fla. 2005).  In each

---

[3] To be entitled to mandamus relief, Plaintiffs must demonstrate (1) a clear right to the relief sought; (2) Defendants' clear, non-discretionary duty to act; and (3) no other remedy is available.  *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003), citing *Heckler v. Ringer*, 466 U.S. 602, 617, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

case, the court exercised jurisdiction to compel the defendants to adjudicate the plaintiffs' applications. However, while the APA provides that Defendants must adjudicate Plaintiffs' applications within a "reasonable" time, the act offers no further guidance as to how much time Defendants may take before the adjudication process becomes "unreasonably" long. Furthermore, as to the cases cited by Plaintiffs, the court finds them either unpersuasive or distinguishable from the present action.[4]

Without deciding whether it has mandamus jurisdiction, or jurisdiction under 8 U.S.C. § 1329 or 5 U.S.C. § 704, the court concludes that it lacks jurisdiction over the subject matter of this case. Specifically – and contrary to Plaintiffs' argument – the court finds no basis to conclude that any certain length of time is *per se*

---

[4] Specifically, the court is not persuaded by the reasoning offered by the courts in *Agbemaple* or *Elkhatib*. In each of these cases, the court found, without explanation, that the delay in the adjudication process was unreasonable. *See Agbemaple*, 1998 WL 292441 at * 2 (plaintiff was entitled to "inference" that 20-month delay "could be found to be unreasonable."); *Elkhatib*, 2005 WL 5226742 at * 1-2 (four-year delay was "unreasonable.").

In light of other district courts' conclusions that the pace at which the adjudication of applications is made is outside the jurisdiction of federal courts, the court is not inclined to adopt the reasoning of the cases cited by Plaintiffs. *See, e.g., Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va. 2006) ("[8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of any 'action,' meaning any act or series of acts, included within the ongoing adjudication process and the pace at which that action processes."); *Maldonado-Coronel v. McElroy*, 943 F.Supp. 376 (S.D.N.Y. 1996); *Zheng v. INS*, 933 F.Supp. 338, 341 (S.D.N.Y. 1996); *Zaytsev v. Gartner*, 2004 WL 2251665 (S.D.N.Y. 2004).

The court further finds the decision in *Yu* distinguishable from this action. The court there found jurisdiction "'[w]hen an agency's recalcitrance, inertia, laggard pace or inefficiency sorely disadvantages the [plaintiff]. . . .'" 36 F.Supp.2d at 929, quoting *In re Amer. Feder. of Gov. Employees, AFL-CIO*, 790 F.2d 116, 117 (D.C.Cir.1986). Plaintiffs do not argue that Defendants' delay is due to their recalcitrance, inertia, or inefficiency.

unreasonable, particularly given the multitude of similar applications that are currently pending with Defendants, and the depth of the security clearance necessary before each application can be adjudicated. While the record indicates that adjudication of Plaintiffs' applications awaits their pending FBI name checks, other courts have held that delays in this process are not uncommon. In *Cho v. Jarina*, No. 07-629 (E.D.La. July 10, 2007), the court explained that

> [w]hile the court is not aware of any statistical evidence, anecdotal evidence indicates that the delay faced by plaintiff is not extraordinary in the post-September 11 environment. In addition to the sheer number of district court opinions on cases similar to these facts, other courts have noted the high number of cases filed by plaintiffs facing FBI name check delays.

*Cho*, No. 07-629, slip op. at 23 n. 26, citing *Yan v. Mueller*, 2007 WL 1521732 at * 7 n. 8 (S.D.Tex. 2007) ("The court takes judicial notice of an increasing number of cases in the Southern District of Texas which make claims concerning the delays experienced in the FBI name check process under one theory or another.").

Considering a claim similar to that at issue here, the court reasoned in *Grinberg v. Swacina*, 478 F.Supp.2d 1350 (S.D.Fla. 2007), that

> [w]ithout any Eleventh Circuit law addressing the immigration issue presented here, this Court elects to follow the majority of courts that have dismissed similar actions for lack of subject matter jurisdiction, under the rationale that Sections 242 and 245 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1255(a), 1252(a)(2)(B)(ii) (2006), as amended in 2005, preclude judicial review of any discretionary

> "decision or action" of the Attorney General in immigration matters. See *Safadi v. Howard*, 466 F.Supp.2d 696 (E.D.Va.2006); *Alkenani v. Barrows*, 356 F.Supp.2d 652 (N.D.Tex.2005); *Maldonado-Coronel v. McElroy*, 943 F.Supp. 376 (S.D.N.Y.1996); *Zheng v. INS*, 933 F.Supp. 338, 341 (S.D.N.Y.1996); *Zaytsev v. Gantner*, No. 04 Civ. 7101, 2004 WL 2251665 (S.D.N.Y. Sept. 24, 2004). These courts have held that <u>this phrase includes the pace at which immigration decisions are made</u>. See *Safadi*, at 698. Accordingly, they have reasoned that neither mandamus jurisdiction pursuant to 28 U.S.C. § 1361 nor the Administrative Procedure Act ("APA") in conjunction with 28 U.S.C. § 1331 confer jurisdiction to compel adjudication. *Id*. at 700-01. This Court agrees.

478 F.Supp.2d at 1352 (emphasis added).[5]

In *Li v. Chertoff*, 482 F.Supp.2d 1172 (S.D.Cal. 2007), the court explained that

> [e]ven accepting as true all of Plaintiff's factual allegations, Defendants

---

[5] Plaintiffs offer no basis to distinguish *Grinberg* from the present action. They argue instead that they arrived in Alabama from Mexico in 1995, and established their right to legally remain in the United States based on Jesus Gonzalez Sr.'s alien relative petition, filed in 1995. According to Plaintiffs, such entitles them to an "inference" that Defendants have not adjudicated their applications within a reasonable time. Plaintiffs offer no legal basis to support this argument.

Plaintiffs also argue that the court should grant mandamus relief in this action due to their sense of urgency regarding their children's pending I-485 applications. Of their two children, one has turned 21 years old during the pendency of her application. (Compl. ¶ 10). Their second child will turn 21 years old in fourteen months from the date of this opinion. (Pl's Opp. Br. ¶ 10). Plaintiffs argue that, once they reach the age of majority, their children's applications are no longer presumptively eligible for approval.

While the court is mindful of their concern, this point alone does not supply the court with jurisdiction to grant the relief Plaintiffs seek. The court also finds no reason to conclude that, simply due to their ages, Plaintiffs' children will not be approved for adjustment of status, even if Defendants do not adjudicate their applications until after both children have turned 21 years old.

7

> have provided sufficient evidence to demonstrate that any delay in adjudicating Plaintiff's I-485 application is not due to agency inaction, but rather to the time required to resolve all concerns of a law enforcement or national security nature. Therefore, Plaintiff's suit simply seeks to force USCIS to complete the adjudication in a more expeditious manner. . . . <u>[A]s long as USCIS is making reasonable efforts to complete the adjudication, the pace required to complete that process is committed to USCIS's discretion</u>. Therefore, this Court does not have subject matter jurisdiction to entertain Plaintiff's mandamus petition under § 1361 regarding USCIS's discretionary adjudication of Plaintiff's I-485 application at this time.

*Li*, 482 F.Supp.2d at 1178 (emphasis added).[6]

Similar to *Li*, the court finds that, as long as Defendants are making "reasonable efforts" to adjudicate Plaintiffs' applications, it does not have jurisdiction to grant Plaintiffs' petition for relief.

Pointing to the Declaration of Dwight Faulkner (hereinafter "Faulkner"), the Supervisory District Adjudications Officer with USICS's Atlanta division where Plaintiffs filed their applications, Defendants demonstrate that they are making reasonable efforts to adjudicate Plaintiffs' applications. (doc. 11, exh. 1). Faulkner explains that

> The required background checks remain incomplete and USCIS remains unable to fully review and adjudicate the adjustment of status applications submitted by [the Plaintiffs]. [ ] The results of the checks consist of information provided to USCIS by the FBI and more than 20

---

[6] Unlike Plaintiffs in this action, the plaintiff in *Li* had waited for her I-485 application to be adjudicated for four years before filing her complaint in federal court. 482 F.Supp.2d at 1174.

> law enforcement agencies or databases. [ ] The information obtained from such background checks and the passage of time allotted to receive the information from other law enforcement agencies are not within the control of USCIS. [ ] USCIS will continue to adjudicate the applicants' applications as expeditiously as possible to ensure that they wait no longer than is reasonably necessary.

(Faulkner Decl. ¶¶ 14-23).

The court is not inclined to grant Plaintiffs the relief they request based solely on the passage of time, where other applicants also await adjudication, Defendants are making reasonable efforts to reach a final decision on their applications, and no definitive time period has been established within which adjudication must be complete. Consequently, the court finds that it lacks subject matter jurisdiction over this action. Defendants' motion to dismiss is therefore due to be **GRANTED**. A separate Order will be entered.

**DONE** this the 26th day of September, 2007.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge